# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Andrew R. Vara, in his capacity as the United States Trustee for Region 3; Tara Twomey, in her capacity as Director of the Executive Office for United States Trustees; and the United States Trustee Program,<br><br>       Appellants,<br><br> v.<br><br>Dean A. Ziehl, in his capacity as Trustee of the TWC Liquidating Trust,<br><br>       Appellee | : : : : : : : : : : : : : : : : : : | 1:23-cv-01067-MN<br>BAP No. 23-00056 |

## APPELLANTS' MOTION TO STAY APPEAL GIVEN THE SUPREME COURT'S GRANT OF A PETITION FOR A WRIT OF CERTIORARI IN *UNITED STATES TRUSTEE v. JOHN Q. HAMMONS FALL 2006, LLC,* No. 22-1238

  Appellants, Andrew R. Vara, in his official capacity as United States Trustee for Region 3, Tara Twomey, in her official capacity as Director of the Executive Office for United States Trustees, and the United States Trustee Program (collectively, "Appellants" or "United States Trustee"), respectfully move to stay this appeal pending resolution of *United States Trustee v. John Q. Hammons Fall*

*2006 LLC*, __ S. Ct. __, 2023 WL 6319661 (U.S.) (*certiorari* granted Sept. 29, 2023), which will address the same arguments raised in this this appeal.

## FACTUAL BACKGROUND

1. In 2017, to address a shortfall in the United States Trustee Program's funding, Congress enacted a temporary increase in the quarterly-fee schedule applicable to chapter 11 debtors with quarterly disbursements of $1 million or greater. *Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1777 (2022). Congress expected that this increase would be applied uniformly nationwide in both the 88 federal judicial districts participating in the United States Trustee Program ("Trustee districts") as well as in the 6 judicial districts authorized to maintain a separate bankruptcy administrator program in which quarterly fees are also assessed (the "Administrator districts"). *Id.* at 1782 n.2. But the Administrator districts did not timely implement the increase. *Id.* at 1777.

2. On June 6, 2022, the Supreme Court held that the disparate implementation of the 2017 statute was unconstitutional and that this flaw was traceable to Congress's drafting decisions. *Siegel*, 142 S. Ct. at 1782-83 & n.2. Both sides disputed the appropriate remedy for the constitutional defect—whether, as advocated by the petitioner, the government should return the increased fees paid in Trustee districts during the nonuniform period or, as the government maintained, prospective uniformity was sufficient or, in the alternative, a retroactive fee increase

2

was warranted for debtors in Administrator districts who paid less. *Id*. at 1783. The Supreme Court expressly declined to resolve the remedy issue in the first instance and remanded that question for resolution in the lower courts. *Id*.

3. Following the Supreme Court's decision in *Seigel*, on December 12, 2022, Appellee, the Liquidation Trustee, brought an adversary proceeding seeking to recover an alleged overpayment of quarterly fees based on the constitutional violation found in *Siegel*. Compl. (Dkt. 1). The Liquidation Trustee moved for summary judgment arguing the remedy for the *Siegel* violation was a refund of the excess fees paid. Pl.'s Mot. For Summ. J. (Dkt. 8). The United States Trustee filed a cross motion for summary judgment contending that no refund was due because the constitutionally appropriate remedy is prospective relief only—*i.e.*, Congress already corrected the constitutional defect that the Supreme Court identified in *Siegel* by amending the quarterly fee statute to eliminate the disparity about which the Liquidation Trustee complained. Def.'s Mot. For Summ. J. (Dkt. 17). The United States Trustee further argued that even if retrospective relief were needed, the proper remedy would be to establish equal treatment by extension of the main rule—the 2017 Act's fee increase—to the six Administrator districts. *Id.*

4. On September 14, 2023, the bankruptcy court granted the Liquidation Trustee's motion for summary judgment and ordered the appropriate remedy for the *Siegel* violation was a refund of the excess fees paid by the Liquidation Trustee.

Order (Dkt. 25). On September 28, 2023, the United States Trustee timely appealed. (Dkt. 27).

5. Following the Supreme Court's remand in *Siegel*, multiple courts of appeal have addressed what should be the appropriate remedy for the constitutional violation found in *Siegel*, and the United States filed petitions for Supreme Court review of those decisions. *See* Petition for Writ of Cert., *United States Trustee v. John Q. Hammons Fall 2006 LLC*, No. 22-1238 (U.S.) (filed June 23, 2023); Petition for Writ of Cert., *Harrington v. Clinton Nurseries, Inc.*, No. 23-47 (U.S.) (filed July 17, 2023); Petition for Writ of Cert., *United States Trustee Region 21 v. Bast Amron LLP*, No. 23-237 (U.S.) (filed Sept. 21, 2023).

6. On September 29, 2023, the Supreme Court granted the petition for certiorari in *United States Trustee v. John Q. Hammons Fall 2006 LLC*, No. 22-1238 (U.S.). The question presented in that case is:

> Whether the appropriate remedy for the constitutional uniformity violation found by [the Supreme Court] in *Siegel*. . . is to require the United States Trustee to grant retrospective refunds of the increased fees paid by debtors in United States Trustee districts during the period of disuniformity, or is instead either to deem sufficient the prospective remedy adopted by Congress or to require the collection of additional fees from a much smaller number of debtors in Bankruptcy Administrator districts.

## **ARGUMENT**

7. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

4

time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. *Cf. American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937).

8. A decision by the Supreme Court in *Hammons* will definitively resolve the dispositive legal arguments asserted in this appeal. Staying these proceedings while the Supreme Court resolves the remedy issue will save the time and resources of both the parties and this Court. A stay of further proceedings in this appeal pending the outcome of *Hammons* is warranted. *See Siegel v. Vetter (In re Circuit City Stores, Inc.)*, Case No. 23-1678 (4th Cir. Oct. 24, 2023), Docket No. 26 (order placing appeal of judgment entered on remand from Supreme Court in *Siegel* in abeyance pending resolution of *Hammons*).

9. The United States Trustee will promptly inform this Court after the Supreme Court has rendered a decision in *Hammons*.

## **CONCLUSION**

For the reasons set forth above, Appellants respectfully request that this Court stay this appeal.

DATED:  November 2, 2023

Respectfully submitted,

Andrew R. Vara,
United States Trustee
Regions 3 and 9

By: /s/ *Jane M. Leamy*

| | |
|---|---|
| RAMONA D. ELLIOTT | ANDREW R. VARA, |
| Deputy Director/General Counsel | United States Trustee, Region 3 |
| P. MATTHEW SUTKO | JOSEPH J. MCMAHON, JR. |
| Associate General Counsel | Assistant United States Trustee |
| ANDREW W. BEYER | JANE M. LEAMY |
| Trial Attorney | Trial Attorney |
| Department of Justice | HANNAH J. McCOLLUM |
| Executive Office for | Trial Attorney |
| United States Trustees | Department of Justice |
| 441 G Street, N.W., Suite 6150 | Office of the United States Trustee |
| Washington, DC  20530 | 844 King Street, Suite 2207 |
| (202) 307-1399 | Lockbox 35 |
| Fax: (202) 307-2397 | Wilmington, DE 19801 |
| | (302) 573-6491 |
| | Fax: (302) 573-6497 |
| | jane.m.leamy@usdoj.gov |
| | hannah.mccollum@usdoj.gov |

## **CERTIFICATE OF CONFERENCE**

Pursuant to D. Del. L.R. 7.1.1., the undersigned hereby certifies that counsel for Appellants has made reasonable efforts to reach agreement on the matters set forth in this motion. Counsel for Appellee indicated that Appellee opposes the motion.

Dated: November 2, 2023                                  */s/ Jane M. Leamy*
                                                                              Jane M. Leamy

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. Bankr. Pr. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bankr. Pr. 8015(g), this document contains 1,240 words. This document complies with the typeface and type-style requirements of Fed. R. Bankr. Pr. 8013(f)(2) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 2, 2023               */s/ Jane M. Leamy*
                                                           Jane M. Leamy

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 2, 2023, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this case. I further certify that the foregoing was emailed to counsel for Appellee:

Gail S. Greenwood
Jason H. Rosell
Pachulski Stang Ziehl & Jones LLP
150 California St.
15th Floor
San Francisco, CA 94111
Email: ggreenwood@pszjlaw.com
Email: jrosell@pszjlaw.com

Colin R. Robinson
Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
Wilmington, DE 19801
Email: crobinson@pszjlaw.com

             /s/ *Jane M. Leamy*
             Jane M. Leamy