IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Andrew R. Vara, in his capacity as the United States Trustee for Region 3; Tara Twomey, in her capacity as Director of the Executive Office for United States Trustees; and the United States Trustee Program,<br><br>         Appellants,<br><br> v.<br><br>Dean A. Ziehl, in his capacity as Trustee of the TWC Liquidating Trust,<br><br>         Appellee | 1:23-cv-01067-MN<br>BAP No. 23-00056 |

**APPELLANTS' REPLY IN SUPPORT OF MOTION TO STAY APPEAL GIVEN THE SUPREME COURT'S GRANT OF A PETITION FOR A WRIT OF CERTIORARI IN *UNITED STATES TRUSTEE v. JOHN Q. HAMMONS FALL 2006, LLC,* No. 22-1238**

  Appellants, Andrew R. Vara, in his official capacity as United States Trustee for Region 3, Tara Twomey, in her official capacity as Director of the Executive Office for United States Trustees, and the United States Trustee Program (collectively, "Appellants" or "United States Trustee"), hereby file this reply in support of Appellants' *Motion to Stay Appeal Given the Supreme Court's Grant of a Petition*

*for a Writ of Certiorari in United States Trustee v. John Q. Hammons Fall 2006, LLC, No. 22-1238* (Doc. 5), and respectfully state as follows:

1. The Liquidation Trustee's limited objection does not dispute that a stay of this appeal "is procedurally appropriate to await the Supreme Court's decision in *Hammons Fall* as it will directly affect this appeal. *Appellee's Limited Objection to Appellant's Motion to Stay Appeal* ("Objection") (Doc. 7) at ¶ 5. This Court should grant Appellant's Motion.

2. The only objection the Liquidation Trustee has raised is purported prejudice to him because the stay would delay an agreement with the United States Trustee about the precise repayment amount in this case if the Supreme Court ultimately determines that repayment remedy is required. *See* Objection at ¶ 6-7. But there is no reason for the parties to agree to a potential repayment amount at this time. Indeed, the bankruptcy court's order states it will only enter the final order on the repayment amount "once its order becomes final and non-appealable." Opinion at 15, Bankr. Adv. Pro. Doc. 25.

3. Awaiting the Supreme Court's decision in *Hammons* will not delay the ultimate resolution of the potential repayment amount any more than pursuing the present appeal would. The Supreme Court is set to hear argument in *Hammons* on January 9, 2024. *See* Docket, *Office of the United States Trustee* v. *John Q. Hammons Fall 2006, LLC*, No. 22-1238. Absent a stay here, the parties have agreed to a

briefing schedule that will not be complete until April 5, 2024, not to mention this Court's own time to render its decision. *See* Order (Doc. 6).

4. Further, any agreement by the parties on the potential repayment amount would be rendered moot if the Supreme Court ultimately holds that a repayment remedy is not required. And even if the parties were to agree to a potential repayment amount at this time, the Supreme Court could order a remedy that is not contemplated by the parties and requires a different calculation. The reason to stay the case is precisely to preserve the status quo, as well as "the time and effort" of this Court, counsel, and litigants. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

5. Further, the Liquidation Trustee overstates the purported prejudice from not yet having an agreement on the potential repayment amount. The amount at issue is not a complete unknown. As the Liquidation Trustee recognizes by quoting the bankruptcy court's Opinion, the amount is in the neighborhood of $1 million. *See* Objection at ¶ 2. Although it is unclear why the Liquidation Trustee needs to make determinations about distributing and reserving amounts not yet awarded or part of the bankruptcy estate, the information available should be sufficient to allow for estimates. And as noted above, those estimates would have to reevaluated in any event if the Supreme Court ultimately concluded no repayment remedy is required or otherwise determines some other calculation than the parties have not

3

contemplated is the correct remedy.

6. As noted in their Motion, Appellants will promptly inform this Court after the Supreme Court has rendered a decision in *Hammons*. If the outcome of the Supreme Court's decision is that repayment is due the Liquidation Trustee, the United States will also promptly work with the Liquidation Trustee to determine the repayment amount. There will be no prejudice to the Liquidation Trustee by awaiting the Supreme Court's decision on this issue.

## **CONCLUSION**

For the reasons set forth above, and in the Appellants' Motion (Doc. 5), Appellants respectfully request that this Court stay this appeal.

DATED:  November 22, 2023               Respectfully submitted,

                                                Andrew R. Vara,
                                               United States Trustee
                                               Regions 3 and 9

| | |
|---|---|
| RAMONA D. ELLIOTT<br>Deputy Director/General Counsel<br>P. MATTHEW SUTKO<br>Associate General Counsel<br>ANDREW W. BEYER<br>Trial Attorney<br>Department of Justice<br>Executive Office for<br>United States Trustees<br>441 G Street, N.W., Suite 6150<br>Washington, DC  20530<br>(202) 307-1399<br>Fax: (202) 307-2397 | By:  /s/ *Jane M. Leamy*<br>ANDREW R. VARA,<br>United States Trustee, Region 3<br>JOSEPH J. MCMAHON, JR.<br>Assistant United States Trustee<br>JANE M. LEAMY (#4113)<br>Trial Attorney<br>HANNAH J. McCOLLUM<br>Trial Attorney<br>Department of Justice<br>Office of the United States Trustee<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801<br>(302) 573-6491<br>Fax: (302) 573-6497<br>jane.m.leamy@usdoj.gov<br>hannah.mccollum@usdoj.gov |

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. Bankr. Pr. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bankr. Pr. 8015(g), this document contains 662 words. This document complies with the typeface and type-style requirements of Fed. R. Bankr. Pr. 8013(f)(2) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 22, 2023                         */s/ Jane M. Leamy*
                                                 Jane M. Leamy

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 22, 2023, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this case.  I further certify that the foregoing was emailed to counsel for Plaintiff:

Gail S. Greenwood
Jason H. Rosell
Pachulski Stang Ziehl & Jones LLP
150 California St.
15th Floor
San Francisco, CA 94111
Email: ggreenwood@pszjlaw.com
Email: jrosell@pszjlaw.com

Colin R. Robinson
Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
Wilmington, DE 19801
Email: crobinson@pszjlaw.com

                                 /s/ *Jane M. Leamy*
                                 Jane M. Leamy